NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>BANTA UNGURU,<br><br>    Defendant-Appellant. | Nos.  22-10088<br>        22-10089<br><br>D.C. Nos. 2:21-cr-00270-SMB-1<br>             2:20-cr-00542-SMB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

In these consolidated appeals, Banta Unguru appeals from the district court's

judgments and challenges his guilty-plea convictions and aggregate 87-month

sentence for conspiracy to commit bank fraud, aggravated identity theft, and

possession of 15 or more counterfeit or unauthorized access devices, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. §§ 1349, 1028A(a)(1), and 1029(a)(3), respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Unguru's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Unguru has filed a pro se brief. No answering brief has been filed.

Unguru waived his right to appeal his convictions and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). Unguru's pro se arguments that the government breached the plea agreement, and that his plea and appellate waiver were not knowing and voluntary, are not supported by the record. We accordingly dismiss these appeals.

We remand, however, with instructions to correct the written judgments to conform to the oral pronouncement of sentence by (1) imposing a 12-month term of supervised release on the aggravated identity theft count, and (2) deleting the phrase "(outpatient and/or inpatient)" from special supervised release condition 1 in both judgments. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (unambiguous oral pronouncement of sentence controls over inconsistent written judgment).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED; REMANDED to correct the judgments.**